302 So.2d 423 (1974)
Howard SCHWARTZ, Petitioner,
v.
FLORIDA BOARD OF PHARMACY, Respondent.
No. V-19.
District Court of Appeal of Florida, First District.
October 8, 1974.
Rehearing Denied November 15, 1974.
*424 Edward A. Perse, Horton & Perse, and Dunn & Johnson, Miami, for petitioner.
Michael I. Schwartz, Kaplan & Schwartz, Miami, for respondent.
McCORD, Judge.
Petitioner seeks writ of certiorari to review an order of the Florida Board of Pharmacy, revoking his license to practice pharmacy. Respondent's action was based upon a charge that petitioner had violated Sections 465.101(1)(e) and 465.18(2)(c), Florida Statutes, in that he had on three separate occasions delivered or caused to be delivered without a prescription certain prescription drugs. At the time respondent issued the complaint, petitioner was charged by information in the Circuit Court of Dade County with violating § 893.13, Florida Statutes, by selling methaqualone and a barbiturate acid derivative to one J. Kelly without prescription. Respondent's complaint and the criminal charge were based upon the same occurrence. Petitioner's criminal trial was scheduled for the week of December 3, 1973, and the administrative hearing on respondent's complaint was scheduled on November 23, 1973. On November 20, 1973, petitioner and respondent entered into a stipulation that the administrative hearing would be continued until the next scheduled meeting of respondent board which was to be held in December, 1973. On November 28, 1973, respondent board entered an order and notice of hearing setting the final hearing on the complaint for December 12, 1973. Subsequently petitioner's criminal trial was continued *425 until January. Petitioner then verbally sought to have the administrative hearing continued until after his criminal trial was disposed of. Respondent declined to grant a continuance and at the appointed time, petitioner appeared with his attorney and the hearing was held. Testimony was presented but petitioner did not submit or offer to submit any evidence. Thereafter, the respondent board entered its order finding petitioner guilty of two of the three counts of the complaint and revoking petitioner's license to practice pharmacy. This petition for writ of certiorari is from that order.
Petitioner contends that respondent departed from the essential requirements of law by refusing to continue the final hearing until after petitioner was tried on the criminal charges; that such refusal deprived him of his constitutional right to due process and to remain silent. In addition, petitioner contends that respondent's revocation of his license to practice as a pharmacist was arbitrarily and unreasonably harsh and excessive.
From our examination of the record of the proceedings before the board, it does not appear that petitioner was ever asked or required to testify or to give any sworn statement. Respondent assumed the burden of proof of the charges against petitioner and substantial competent evidence was presented to support the charges of which petitioner was found guilty. Petitioner was present at the hearing and was represented by counsel who actively engaged in cross-examination but declined to present any evidence in opposition or rebuttal. Respondent board not only has a right but it has a duty to proceed as rapidly as possible in determining the validity of charges such as those alleged against petitioner. Delay could result in serious harm to the public at large as during such period a pharmacist could continue to perpetrate the prohibited acts.
In support of his first point, petitioner relies upon State ex rel. Vining Florida Real Estate Commission, Fla., 281 So.2d 487. In Vining a statute required a person licensed by the real estate commission to file a sworn answer to any complaint served upon him by that commission. The Florida Supreme Court held that such statute was unconstitutional because it not only violated a person's right against self-incrimination but it shifted the burden of proof from the administrative agency to the defendant. We are not confronted with such a situation in the case sub judice. Here, petitioner was not required to file a sworn answer or to testify, and the burden of proof was upon, and was assumed by, respondent board.
As to petitioner's contention that respondent's revocation of his license to practice as a pharmacist was arbitrary and unreasonably harsh and excessive, the record contains competent substantial evidence to support the findings and judgment of respondent board.
Certiorari denied.
SPECTOR, Acting C.J., and BOYER, J., concur.