508 So.2d 468 (1987)
DEPARTMENT OF PROFESSIONAL REGULATION, Appellant,
v.
J. Kenneth YOLMAN, Appellee.
No. BQ-302.
District Court of Appeal of Florida, First District.
June 2, 1987.
*469 Lisa S. Nelson, Tallahassee, for appellant.
No appearance for appellee.
ZEHMER, Judge.
The Department of Professional Regulation (DPR) appeals a nonfinal order denying its "Motion to Reopen Case and Conduct Formal Hearing," contending that the hearing officer misinterpreted section 120.52(11), Florida Statutes (1983). The issue presented is whether a party to a license revocation proceeding who becomes a prisoner as defined in section 944.02(5) is precluded by such status from further participation as a party in that pending administrative action.
On April 18, 1983, DPR filed an administrative complaint against Kenneth Yolman seeking to suspend or revoke his contractor's license. The complaint alleged that Yolman, a certified general contractor, violated several provisions of chapter 489, Florida Statutes (1981), in connection with the construction of a new residence. Yolman disputed the allegations and requested an administrative hearing pursuant to section 120.57(1). Sometime after this, Yolman was convicted and sent to prison for a crime not associated with the practice of contracting.
On July 1, 1985, the hearing officer issued an order to show cause why the case should not be dismissed based on Yolman's status as a prisoner. After receiving DPR's response, the hearing officer entered an order holding that Yolman could not be a party to a section 120.57 hearing because section 120.52(11) states that prisoners may only participate in rule-challenge proceedings under section 120.54(3), (4), (5), or (9) or section 120.56 and may seek judicial review of those proceedings under section 120.68. The case was remanded to the Construction Industry Licensing Board for "whatever action it may deem appropriate."
The Construction Board considered the matter and, by order dated March 6, 1986, rejected the hearing officer's conclusion of law that no formal hearing could be had. The order stated that a proper interpretation of the statute did not bar a formal hearing, and remanded the action to the Division of Administrative Hearings.
Based on the Board's order, DPR moved the hearing officer to reopen the case and conduct a formal hearing. The hearing officer ordered DPR to advise her of Yolman's status. Upon learning that Yolman was still a prisoner, the hearing officer, by order dated October 15, 1986, denied DPR's motion.
On appeal DPR argues that, if Yolman is not allowed to participate in the formal hearing, DPR must either take no action against Yolman until he is no longer incarcerated or take action on the administrative complaint without benefit of hearing pursuant to section 120.57(1), and that both positions are untenable because they are illegal. See Schwartz v. Board of Pharmacy, 302 So.2d 423 (Fla. 1st DCA 1974), cert. denied, 314 So.2d 151 (Fla. 1975) (Board has the duty to proceed as rapidly as possible in determining the validity of charges). We agree that under applicable statutes the administrative proceeding must proceed in a timely fashion and cannot be delayed, even though Yolman is now a prisoner.
The hearing officer's conclusion that Yolman's status as a prisoner precludes his participation as a party in a section 120.57 hearing is based on the definition of "party" contained in section 120.52(11), Florida Statutes (1983). This section states in part:
Prisoners as defined in s. 944.02(5) may obtain or participate in proceedings under s. 120.54(3), (4), (5), or (9) or s. 120.56 and may be parties under s. 120.68 to seek judicial review of those proceedings. Prisoners shall not be considered parties in any other proceedings and may not seek judicial review under s. 120.68 of any other agency action. Parolees shall not be considered parties for purposes of agency action or judicial review when the proceedings relate to rescission or revocation of parole.
(Emphasis added.)
Prior to 1983, the definition of "party" in the Administrative Procedure Act *470 stated that "[p]risoners as defined in s. 944.02(5) shall not be considered parties for the purposes of obtaining proceedings under s. 120.54(16) or s. 120.57, nor shall parolees be considered parties for these purposes when the proceedings relate to the revocation of parole." § 120.52(10), Fla. Stat. (1981). This court, in Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), approved in Roberson v. Florida Parole & Probation Commission, 444 So.2d 917 (Fla. 1984), held that under that definition in subsection 120.52(10) prisoners were parties for purposes of seeking judicial review of their presumptive parole release dates as set by the Parole and Probation Commission. As a result of this decision, the work load of the Parole and Probation Commission was significantly increased and the appellate courts were flooded with appeals from prisoners seeking judicial review of their presumptive parole release dates. To alleviate that problem, the legislature amended this section in 1983 to read as quoted above, and thereby effectively overruled the decision in Daniels. Ch. 83-78, § 1, Laws of Fla.; see Dore, Access To Florida Proceedings, 13 Fla. St. U.L.Rev. 965, 1063-64 (1986).[1] We conclude, therefore, that it cannot be reasonably contemplated that the legislature, by the 1983 amendment, intended to strip DPR of its statutory authority to discipline those licensees who also happen to be prisoners.
It is an accepted principle of statutory construction that statutes are to be read in harmony with each other. City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla. 1983). Application of this principle clearly mandates a reading of section 120.52(11) to mean that, except to the extent explicitly provided, prisoners cannot be parties to proceedings under section 120.57 when such administrative proceedings pertain to their status as a prisoner, and that the limitation in section 120.52(11) does not apply when a person's status as a prisoner is unconnected or irrelevant to the administrative proceeding involved. Otherwise, the amended definition would have the effect of stripping Yolman of his rights under section 455.225[2] and section 120.60[3] to a hearing as a licensee. We decline to accord such an intent and meaning to that amendment. The appealed order is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Staff of Florida Senate Committee on Corrections, Probation and Parole, Senate Bill 354 (1983), Staff Analysis 1 (April 11, 1983) (on file at the Florida State Archives). The recited intent of the amendment was to preclude litigation on parole matters. We consider this legislative history only in the context permitted in Ellsworth v. Insurance Co. of North America, 508 So.2d 395 (Fla. 1st DCA 1987).
[2] Section 455.225(4) addresses the regulation of professions and occupations, and states that in disciplinary proceedings "a formal hearing before a hearing officer from the Division of Administrative Hearings of the Department of Administration shall be held pursuant to chapter 120."
[3] Section 120.60(6) states that "no revocation, suspension, annulment, or withdrawal of any license is lawful unless ... the licensee has been given an adequate opportunity to request a proceeding pursuant to s. 120.57."