KELSEY, J„ dissenting. ,1 would deny the petition because the trial court applied the correct law. That is the only legal issue presented over which we have jurisdiction on second-tier eertio-rari review. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995) (holding that standard of review on second-tier certiorari is whether the lower tribunal “applied the correct law,” synonymous with “observing the' essential requirements of law”). The Code. The first “correct law”- is the Jacksonville Beach Land Development Code.[2] The Code encompasses numerous articles, divisions, and sections related to various aspects of land development, including Article VII, Division 2, Section 34-347, entitled “Redevelopment District: RD.” The standards of section 34—347(c)(3)(i) include the adequacy and appropriateness of the land area; • compatibility with :other existing or proposed uses in the general vicinity -usage; and consistency of lot area, setbacks, parking, signage, landscaping, and environmental factors with the Jacksonville .Beach Community Redevelopment Plan. The next subsection, 34-347(c)(3)(j), expressly authorizes the city council to “impose such conditions ... that are necessary to accomplish the purposes of this section, this Code,' and the comprehensive plan," The Code as a. whole. relates to land development, and includes numerous specific provisions that on their face could apply to .the proposal at issue here. The Code sets forth generally applicable rules of construction and.definitions. Article VI on Development Review Procedures -applies “to every application for a development permit,” and a “development permit” is defined to include amendments to the RD zoning district. Other Code provisions outside of section 34-347 also apply to all zoning districts and all action by the City Council. Rules of Construction. The “correct law” is also the law governing interpretation of the Code. The Code is a municipal ordinance, and as such is subject to the general rules of statutory construction. Great Outdoors Trading, Inc. v. City of High Springs, 550 So.2d 483, 485 (Fla. 1st DCA 1989). The trial court was required to construe all parts of the Code together “in order to achieve a consistent whole.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992). “Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” Id. Trial Court’s Application of Correct Law. The trial court was confronted with statutory construction of a local government ordinance. The two narrow legal' issues' before the trial court were (1) whether section’34-347 mandates that the Jacksonville Beach City Council approve rezoning requests for bars that violate other sections of the Code by being located within 500 feet of other bars and exceeding outdoor seating limitations; and (2) whether section 34-347 prohibits the Jacksonville Beach City Council from considering any other provision's of the Code when deciding whether to grant a request to rezone a property to the Redevelopment District category. To resolve those legal issues required the trial court to construe section 34-347 in light of its legal context within the entire Code. It is impossible to decide how section 34-347 interacts with the remainder of the Code without looking at the Code in its entirety. The “correct law” to be reviewed is the entire Code, construed according to governing principles of statutory construction. The trial court applied the correct law, and therefore we should deny the petition for writ of. certiorari, This case is analogous to another recent local government land use decision in which the Third'.District denied certiorari. In DMB Inv. Tr. v. Islamorada, Village of Islands, 225 So.3d 312, 314 (Fla. 3d DCA 2017), the underlying merits issue was whether a property owner was required to obtain a permit'from the-Village, before installing a swim buoy system, in addition to, obtaining authorizations from both the Florida Department of Environmental Protection and the United States Army Corps of’Engineers. The property owner argued that one specific section of the Islamorada, Village of. Islands .Code, of Ordinances, .requiring approval only from the state and federal bodies, prevailed over more general sections of the Code governing shoreline environmental and development criteria and land use in general. Id. at 315. In pertinent-part, the circuit court affirmed the Village’s interpretation of a general Code provision as requiring a local-government permit for the .swim b.uoy system in addition to state and federal approval. Id. at 316. On second-tier certiorari review, the Third District held that the circuit court correctly applied the law of statutory construction and properly analyzed both provisions of the Village Code -to- determine that, they were,not in conflict with .one another, but rather, could be harmonized. Id. at 318. Of particular relevance, here, the Third District noted that the court was required to “consider the plain language of the statute, give effect to all statutory provisions, and construe related provisions in harmony with one another.” Id. at 317 (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla. 2003)). Similarly in. this Jacksonville Beach case, the trial court on appeal expressly held that “[rjelevant portions of the ordinance code applicable in this case constitute the correct law.” The trial court carefully reviewed as a whole the various provisions of the Land Development Code on which the parties relied, and arrived at a harmonizing construction consistent with the general rules of statutory interpretation. The trial court found competent, substantial evidence in support of the City Council’s decision (an issue beyond the scope of our second-tier certiorari review). The trial court applied the correct law, ending our analysis. The Restrictiveness of the Writ. Even if we were to conclude that the trial court applied the wrong law or applied the correct law incorrectly, we should deny certiorari because of the extremely narrow scope of the writ. Mere legal error is insufficient to invoke our certiorari jurisdiction. Combs v. State, 436 So.2d 93, 95 (Fla. 1983). We should grant second-tier certiorari “only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” State, Dep’t of High. Safety & Motor Veh. v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011) (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla. 2010)). An overly narrow definition of what constitutes the “correct law” in second-tier certiorari analysis would expand the writ inappropriately. In this case, a local governing body vested with wide discretion over a local land-use decision exercised that discretion in a manner supported by the evidence and the law. The trial court applied appropriate rules of construction and scope of review to the narrow issues presented. It is not up to us to decide how a parcel of land in Jacksonville Beach should be used. Petitioners are free to address the factors that concerned the public and the City Council, and apply again, if they wish to do so. This is not a miscarriage of justice. Certiorari should be denied. . The '‘correct law” could also include the Jacksonville Beach Comprehensive Plan, Community Redevelopment Plan, and 2007 Vision Plan, but the parties do not raise those documents as among those that as a matter of law could make a difference here.