PER CURIAM.
Appellants were officers of the Duval County Sheriff’s Office prior to consolidation of the county and the City of Jacksonville and are now municipal police officers of the city.
As county deputy sheriffs, appellants joined a pension plan for county employees created by Chapter 23259, Special Acts of 1945. This plan was for all permanent county employees. On October 1, 1968, the Council of the Consolidated Government of the City of Jacksonville by Ordinance 68-38-26 (now § 104.201, Ordinance Code of the City of Jacksonville) provided that this former county pension fund be administered by the Mayor of the City of Jacksonville and various other city officials.
In 1937, a pension fund for the police and firemen of the City of Jacksonville was created by Chapter 18615, Laws of Florida, Acts of 1937. This pension fund *646 is managed by the same city officials who manage the 1945 county employees’ fund.
In 1953, the Legislature enacted Chapter 185, Florida Statutes, and thereby created a municipal police officers retirement fund. The fund is comprised of a one percent excise or license tax imposed by the respective municipalities upon casualty insurance companies on their gross receipt of premiums from holders of policies which cover property located within the corporate limits of the municipality. The monies thus collected are disbursed from the State Treasury to a lawfully established municipal pension fund (F.S., Section 185.11, F.S.A.) on or before June 1 of each year. Section 185.35, Florida Statutes, F.S.A., allows the cities to use their existing pension fund if the money received is for the exclusive use of policemen.
The Legislature in 1965 amended the 1937 Police and Firemen’s Pension Fund. Section 3(b) of Chapter 65-1746, Special Acts of 1965, Laws of Florida, provides that “all funds received by the city after January 1, 1965, under the provisions of Chapters 175 and 185, Florida Statutes, shall be paid by said city immediately into the pension fund created by this Act”. Pursuant to this law, the monies received by the City of Jacksonville from the Municipal Police Officers Retirement Trust Fund under the provisions of Section 185.-10, Florida Statutes, F.S.A., are to be paid into the 1937 Police and Firemen’s Pension Fund.
After consolidation, the appellants are municipal police officers of the City of Jacksonville. However, they chose to retain their membership in the 1945 Duval County Employees’ Pension Fund, which does not receive the benefits of Chapter 185, Florida Statutes. Appellants now contend that as municipal police officers they are being discriminated against by being denied the use and benefit of the retirement trust funds received under Chapter 185, Florida Statutes, F.S.A.
We now treat the trial court’s order granting a motion to dismiss appellants’ complaint for declaratory relief as a declaratory judgment since under Section 86.011, Florida Statutes, F.S.A. the fact that the interpretation might be adverse to the plaintiffs does not preclude their right to declaratory relief, Talcott v. Central Bank & Trust Co., 220 So.2d 411 (Fla.App.1969), and the trial court did in fact by his order declare the rights of the parties. The lower court found that appellants as members of the 1945 fund were not entitled to the benefits of Chapter 185, Florida Statutes, because of Chapter 65-1746, Laws of Florida, which provided that all monies received by the city must be paid into the 1937 Fund. We are obliged to affirm.
There appears to be a hiatus in the legislative provisions discussed above which can only be corrected by the legislature. In order to rectify the situation, we would have to superimpose our thinking upon that of the legislature. It is clear that the legislature intended Chapter 185, Florida Statutes, to apply to all municipal police officers and-that appellants are municipal police officers entitled to their benefits. It is likewise clear that the legislature intended that the monies payable under Chapter 185, Florida Statutes, be paid into the 1937 Police and Firemen’s Fund (Chapter 65-1746, Laws of Florida) to which appellants do not belong. It is not possible for this court to rectify this inconsistency without rewriting the statutory provisions. This we are not empowered to do. Therefore, the judgment appealed herein is
Affirmed.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.