327 So.2d 784 (1976)
Harold R. GARCIA, Representative Father and Next Friend of Elsa Garcia, a Minor, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 75-508.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Rehearing Denied March 23, 1976.
*785 Robyn Greene, Luis Stabinski and Norman Funt, Miami, for appellant.
Spencer & Taylor, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
Plaintiff, Harold R. Garcia, representative father and next friend of Elsa Garcia, a minor, appeals from an order dismissing his complaint against defendant Allstate Insurance Company for failure to state a cause of action.
Garcia filed a complaint for a declaratory decree alleging that he had uninsured motorist coverage with Allstate, that an uninsured motorist struck his daughter, that Allstate maintains that Garcia's uninsured motorist coverage is $10,000/$20,000 on each of his two automobiles and that Allstate offered $20,000 in settlement, which is what it claims to be the policy limit. Garcia sought to have the court determine that by virtue of Chapter 71-88, Laws of Florida, he is entitled to uninsured motorist coverage in the same limits as his bodily injury liability coverage, $100,000/$300,000 on each of his two automobiles, or a total of $200,000/$600,000. Allstate filed a motion to dismiss for failure to state a cause of action. Following a hearing, the trial court entered an order dismissing the complaint on grounds that,
"... said Amended Declaratory Action fails to state a cause of action and the face of the plaintiffs' Complaint showing that the insurance policy providing uninsured motorist limits of ... $10,000 per person and ... $20,000 per accident is not less than the requirements of the Florida Financial Responsibility Law and is in an amount up to the amount of the liability limits shown thereon and the face of the plaintiffs' Amended Declaratory Action does thereby show that the referred to insurance policy is in full compliance with F.S. 627.727 as amended by Chapter 71-88, Laws of Florida; and no justiciable controversy therefore exists ..."
On appeal, Garcia contends that (1) the trial court erred in dismissing the action without giving him a declaration of the amount of his uninsured motorist coverage, and (2) since he never rejected any portion of his uninsured motorist coverage, he was entitled to uninsured motorist coverage in the amount of his bodily injury liability coverage under Chapter 71-88, Laws of Florida.
As to Garcia's first point, we treat the order granting Allstate's motion to dismiss the complaint for declaratory relief as a declaratory judgment under § 86.011, Fla. Stat. In its order of dismissal, as recited above, the trial court did make a declaration of the rights of the parties. Even *786 though the court's interpretation is adverse to the plaintiff it is nevertheless a declaration of rights. See Gates v. City of Jacksonville, Fla.App. 1973, 278 So.2d 645.
As to the second point, we are of the opinion that Chapter 71-88 simply added a maximum limitation in uninsured coverage. Previously, the statute (§ 627.0851, Fla. Stat., 1969) required limits "not less than" the financial responsibility limits and was silent as to the limits that could be provided in excess of the financial responsibility limits. Then, Chapter 71-88 added "and in an amount up to" the liability limits (§ 627.727, Fla. Stat., 1971), and inserted maximum limitation. Any coverage inbetween the financial responsibility limits and the liability is in full compliance with the statute.
"In the interpretation of statutes, a court should be astute in avoiding a construction which may be productive of much litigation and insecurity, or which would throw the meaning or administration of the law, or the forms of business, into hopeless confusion or uncertainty." 73 Am.Jur.2d, Statutes, § 269.
Affirmed.