THOMPSON, Judge.
The City of Jacksonville (the City) appeals a final judgment ordering it to pay disability pension benefits to appellee-Mac-Donald. The City argues that the trial court erroneously concluded that estoppel by judgment precluded consideration of the fact that MacDonald had previously requested and received a refund of his pension contributions and argues that MacDonald is not disabled within the meaning of the applicable laws and regulations. As we agree with the City’s first argument and reverse on that point, we need not address the City’s second argument.
MacDonald was a firefighter with the City from 1969 until 1978 and was covered by the 1937 Policeman’s and Fireman’s Pension Act (the Act). In August 1978 MacDonald applied for disability retirement under the Act. The City denied this application without considering its merits, on the ground that MacDonald had resigned from the fire department prior to submission of the application. In September 1979 defendant signed a request for a refund of 50 percent of his accumulated contributions to the 1937 Policeman’s and Fireman’s Pension Fund (the Pension Fund). This request form specifically indicated that MacDonald was waiving all his rights and interest in the Pension Fund. In September 1979 the City issued MacDonald a check in settlement of his request for a pension refund.
In 1981 MacDonald filed a declaratory judgment action against the City, seeking a determination of whether the City was obligated to consider his application on the merits. In that proceeding the City did not plead the defense that MacDonald had requested and had received a refund of his pension contributions and had waived all his rights and interest in the Pension Fund. In November 1981 the lower court ordered the City to consider MacDonald’s application for disability retirement on its merits. The City thereafter considered and denied MacDonald’s application.
In January 1983 MacDonald filed another declaratory judgment action against the City, seeking a determination that he was entitled to receive disability pension benefits under the Act. Based on estoppel by judgment the trial court refused to consider the City’s defense that MacDonald had specifically waived all his rights and interest in the Pension Fund when he requested and received a refund of his pension contributions. Accordingly, the trial court ordered the City to pay MacDonald disability pension benefits, plus interest, less the amount of the refund.
The trial court erroneously refused to consider the City’s refund defense. In Gladstone v. Kling, 182 So.2d 471, 474 (Fla. 1st DCA 1966), this court said that when a prima facie defense appears to be available and the merits thereof have not been decided in a prior action, “a court of equity will not permit the doctrine of res judicata or estoppel by judgment, to be invoked without a judicial adjudication of *524 such question, if it appears that to do so would result in an injustice.” (citation omitted). In the instant case, the trial court’s refusal to consider the City’s refund defense clearly resulted in an injustice. Accordingly, the trial court erred in applying the doctrine of estoppel by judgment and in refusing to consider the City’s refund defense.
The final judgment appealed from is REVERSED and the cause is REMANDED for proceedings consistent herewith.
SHIVERS and ZEHMER, JJ., concur.