Mr. Robert D. Klausner Attorney for the Board of Trustees of the Police and Fire Pension Fund of the City of Jacksonville 1922 Tyler Street Hollywood, Florida 33020
Dear Mr. Klausner:
You ask substantially the following questions:
 1. Are the members of the Board of Trustees of the Police Officers and Firefighters Pension Plan of the City of Jacksonville personally liable in tort for injuries or damages suffered as a result of their acts, or omission of action, within the scope of their official duties as members of the board?
 2. Does s. 112.656(3), F.S., authorize the board of trustees of such a trust fund to self insure?
 3. If the board is authorized to establish such a self insurance fund, is the fund subject to the limits of liability set forth in s. 768.28, F.S.?
In sum, I am of the opinion that:
 1. Provided they do not act in bad faith or maliciously or in a manner exhibiting a wanton and willful disregard of human rights, safety or property, the members of the Board of Trustees of the Police Officers and Firefighters Pension Plan of the City of Jacksonville are not personally liable in tort for injuries or damages suffered as a result of any act or omission of action within the scope of their official duties.
 2. Section 112.656, F.S., which authorizes a retirement system to purchase insurance for its named fiduciary to cover liability or losses incurred by reason of acts or omissions of the fiduciary, does not authorize a retirement system to self insure. A "state agency or subdivision," as defined in s. 768.28, F.S., as amended, however, is authorized by that statute to self-insure in anticipation of any claim, judgment or claims bill which they may be liable to pay pursuant to s. 768.28, F.S., as amended.
 3. A state agency or subdivision which obtains insurance coverage in excess of the statutory limits of $100,000 or $200,000 in anticipation of any claims bill which it may be liable to pay does not, by obtaining such coverage, waive its defense of sovereign immunity or increase its limits of liability.
Question One
Section 768.28, F.S., as amended,[1] constitutes a limited waiver of immunity from tort liability for the state "and for its agencies or subdivisions" to the extent provided in the act. The statute provides in part:
 Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. . . .[2]
The waiver of immunity is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence.[3] "State agencies or subdivisions" are defined in s. 768.28(2), F.S., as amended, for purposes of the act to include "independent establishments of the state; counties and muncipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties or municipalities." (e.s.)
You have advised this office that the Board of Trustees of the Police Officers and Firefighters Pension Plan of the City of Jacksonville, created by special act[4] and subject to the provisions of Chs. 175 and 185, F.S., is a part of the city's administrative organization.[5] Thus, the board of trustees of a police and fire-fighters pension fund created pursuant to general and special law as a part of the city would appear to be subject to the provisions of s. 768.28, F.S., as amended.
Section 768.28(9)(a), F.S., as amended, provides:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .
Thus, except as provided in s. 768.28(9), F.S., as amended, the officers, employees, and agents of a state agency or subdivision are not personally liable in tort and may not be named defendants in any action for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function. The exclusive remedy for such injury is an action against the governmental entity, or the head of the entity in his official capacity.
Accordingly, provided they do not act in bad faith or maliciously or in a manner exhibiting a wanton and willful disregard of human rights, safety or property, the members of the Board of Trustees of the City of Jacksonville Police and Firefighters Pension Trust Fund are not personally liable in tort for injuries or damages suffered as a result of any act or omission of action within the scope of their official duties.
Question Two
You state that pursuant to s. 112.656(3), F.S., the board of trustees is authorized to use plan assets to purchase third party fiduciary insurance. That section provides that "[a] retirement system or plan may purchase insurance for its named fiduciary to cover liability or losses incurred by reason of act or omission of the fiduciary."[6]
This office, however, has previously stated that statutory authorization to purchase insurance does not necessarily authorize a governmental agency to self insure. For example, in AGO 75-256, this office considered the provisions of s. 112.08, F.S. 1975, which empowered a district school board to enter into agreements with insurance companies to provide life, health, accident, hospitalization or annuity insurance for its employees, did not authorize the district to self insure.[7]
Section 112.656, F.S., is part of the Florida Protection of Public Employee Retirement Benefits Act, Part VII, Ch. 112, F.S. Part VII was enacted to implement s. 14, Art. X, State Const.[8] to establish "minimum standards for the operation and funding of public employee retirement systems and plans."[9]
While s. 112.656(3), F.S., provides for a retirement system or plan to purchase liability insurance for its fiduciary to cover liability, it does not authorize or otherwise provide for the retirement system to self insure. The authority of public officials to proceed in a particular way implies a duty not to proceed in any other manner than that which is authorized by law.[10]
Accordingly, I am of the opinion that s. 112.656, F.S., does not authorizes the board of trustees to self insure.
Section 768.28(14)(a), F.S., as amended, however, authorizes the "state and its agencies and subdivisions to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be laible to pay pursuant to this section. . . ." Moreover, agencies or subdivisions that are subject to homogeneous risks may purchase insurance jointly or may join together as self-insurers to provide other means of protection against tort claims.
Thus, s. 768.28, F.S., as amended, specifically authorizes "state agencies and subdivisions" as defined therein to self-insure in anticipation of any claim, judgment or claims bill which they may be liable to pay pursuant to s. 768.28, F.S., as amended.
Question Three
The waiver of liability in s. 768.28, F.S., as amended, is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims or judgments arising out of the same incident or occurrence. Judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to the statute up to $100,000 or $200,000, as the case may be.[11]
That portion of the judgment exceeding these amounts may be reported to the Legislature, but may be paid in part or whole only by further act of the Legislature, i.e., a claims bill.[12]
As discussed in the previous question, s. 768.28, F.S., as amended, specifically authorizes state agencies and subdivisions to self-insure in anticipation of any claim, judgment or claims bill which they may be liable to pay pursuant to the statute. State agencies and subdivisions, thus, may obtain insurance coverage in excess of the statutory limits of $100,000 or $200,000 in anticipation of a claims bill. By obtaining such coverage, however, s. 768.28, F.S., as amended, now provides that a state agency or subdivision shall not be deemed to have waived its defense of sovereign immunity or to have increased its limits of liability.[13]
Thus, a state agency or subdivision which obtains insurance coverage in excess of the limits set forth in s. 768.28, F.S., as amended, in anticipation of any claims bill which it may be liable to pay does not, by obtaining such coverage, waive its defense of sovereign immunity or increase its limits of liability.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 768.28, F.S. (1988 Supp.), as amended by Chs. 89-300 and 89-528, Laws of Florida.
[2] Section 768.28(1), F.S., as amended.
[3] Section 768.28, F.S., as amended.
[4] See, Ch. 18615, 1937 Special Laws of Florida, as amended.
[5] See, City of Jacksonville Ordinance 87-927-611. And see, City of Jacksonville v. MacDonald, 455 So.2d 522 (1 D.C.A.Fla., 1984) in which an action was brought against the City of Jacksonville seeking determination of whether a fireman was entitled to disability pension benefits under the policeman's and fireman's pension fund; Gates v. City of Jacksonville, 278 So.2d 645 (1 D.C.A.Fla., 1973). Cf., AGO 74-109 concluding that the board of trustees of municipal firemen's and policemen's pension trust funds, created by Chs. 175 and 185, F.S., respectively, are municipal boards and agencies of municipalities and are not autonomous entities. See also, AGO 74-217 concluding that the Board of Trustees of the City Pension Fund for Firemen and Policemen in the City of Tampa, created by special act and subsequently incorporated into the municipal code, is a municipal board.
[6] See, s. 112.625(1), F.S., defining "Retirement system or plan" to mean, subject to certain enumerated exceptions, any employee pension benefit plan supported in whole or in part by public funds.
[7] Section 112.08, F.S., was rewritten in 1976 by Ch. 76-208, Laws of Florida, to specifically authorize the governmental units to self insure any plan for health, accident and hospitalization coverage subject to approval based on acturial soundness by the Department of Insurance. The statute requires each local government unit which self insures to contract with an insurance company or professional administrator qualified and approved by the Department of Insurance to administer the plan.
[8] Section 14, Art. X, State Const., adopted by the electorate at the November 1976 general election, provides:
 A governmental unit responsible for any retirement or pension system supported in whole or in part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound acturial basis.
[9] Section 112.61, F.S. See generally, AGO 80-76 discussing Part VII, Ch. 112, F.S.
[10] See generally, White v. Crandon, 156 So. 303 (Fla. 1934); AGO 75-257.
[11] Section 768.28(5), F.S.
[12] Id.
[13] Prior to the amendment of s. 768.28(5) and the repeal of s. 286.28, F.S. 1975, by Ch. 87-134, Laws of Florida, the courts had held that the purchase of liability insurance waived sovereign immunity up to the limits of the subdivision's coverage by such insurance. See, Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986), and Vega v. City of Pompano Beach, 498 So.2d 532 (4 D.C.A.Fla., 1986). And see, School Board of Orange County v. Coffey, 524 So.2d 1052, 1053 n. 1 (5 D.C.A.Fla., 1988), rev. denied, 534 So.2d 401 (Fla. 1988), which recognized that the "legislature has repealed s. 286.28 which is the basis of the supreme court's finding of waiver in [Avallone v. Board of County Commissioners of Citrus County, supra], in favor of a new section 768.28(5). . . ."