ERVIN, Judge.
R.F.R., a juvenile, appeals an order of disposition which withheld adjudication of delinquency and placed him on community control. He urges that the trial court erred in denying his motion to dismiss the petition for delinquency, which was filed more than 45 days after he was taken into custody in violation of Section 39.05(6), Florida Statutes (1987). Because the appellant expressly and voluntarily waived his right to have the petition filed against him within the statutory period, in exchange for the state’s agreement to place him in a youth diversionary program,[1] we affirm.
Appellant argues that because waiver of one’s right to have a petition for delinquency filed within 45 days is not expressly permitted by statute, his waiver of the right to a speedy petition is void. He relies upon the fact that the legislature enacted Section 39.09(l)(a), Florida Statutes (1987), authorizing the right of a juvenile to waive speedy trial, which was encompassed within the same bill that changed the 30-day limitation for filing petitions for delinquency to 45 days, without providing a waiver option in the latter section. See Ch. 78-414, §§ 8, 13, Laws of Fla. He reasons that the legislature therefore intended to foreclose the option of waiver in the context of petitions for delinquency. Appellant, however, cites neither legislative history nor case law[2] that supports this contention.
On the contrary, two well-established principles of statutory construction favor affirming the trial court’s order. First, when construing a statute, courts must avoid any construction that would result in unreasonable, harsh, or absurd consequences. City of St. Petersburg v. Siebold, 48 So.2d 291, 294 (Fla.1950); McLellan v. State Farm Mut. Auto. Ins. Co., 366 So.2d 811, 812 (Fla. 4th DCA 1979); Garcia v. Allstate Ins. Co., 327 So.2d 784, 786 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 422 (Fla.1977). Second, absent a contrary showing, laws that apply to the same general field are presumed to be harmonious. City of Boca Raton v. Gidman, 440 So.2d 1277, 1282 (Fla.1983); Florida Police Benevolent Ass’n, Inc. v. Florida Dep’t of Agric. & Consumer Servs., 557 So.2d 146, 148 (Fla. 1st DCA 1990).
Section 39.04(2), Florida Statutes (1987), articulates the process whereby an HRS intake officer makes recommendations to the state attorney, and the state attorney takes subsequent action:
(c) If the intake officer determines that the report or complaint is complete and in his judgment the interest of the child and the public will be best served, he may recommend that a delinquency petition not be filed.... The state attorney ... shall consider the facts presented by the complainant or agency and by the intake officer who made the recommendation that no petition or information be filed, before such attorney makes a final decision as to whether a petition or information should or should not be filed.
******
(e) The state attorney shall in all cases have the right to take action, regardless of the action or the lack of action of the intake officer, and shall determine the action which is in the best interest of the public and the child. The state attorney may:
1. File a petition for dependency;
2. File a petition for delinquency;
3. File a petition for delinquency with a motion to transfer and certify the child.... for prosecution as an adult;
*1086 4. ... [F]ile an information ...;
5. Refer the case to a grand jury;
6. Refer the child to a diversionary, pretrial intervention, or mediation program or to some other treatment or care program if such program commitment is voluntarily accepted by the child or his parents or legal guardians; or
7. Dismiss the case.
(f) In cases in which a delinquency complaint is filed by a law enforcement agency and the state attorney determines not to file a petition, the state attorney shall advise the clerk of the circuit court in writing that no petition will be filed on the complaint.
(Emphasis added.)
These provisions indicate that the state attorney has the option of recommending either an alternative disposition of the case, as occurred here, or filing a petition for delinquency. If the juvenile executes a waiver of his or her right to have the petition for delinquency filed within the statutory period and subsequently violates the terms of the alternative program, the state attorney must be allowed to initiate formal juvenile proceedings by filing a petition. Were a juvenile not permitted to waive the filing of a petition under such circumstances, the state attorney would be forced to file an essentially fictitious petition for delinquency and then recommend a diversionary program, thus unnecessarily invoking the judicial machinery provided by Florida Rule of Juvenile Procedure 8.180(a)(2). Or, as appellant urged the trial court at hearing, if the state attorney recommended an alternative disposition and, relying upon a juvenile’s waiver of the statutory time period for filing a petition for delinquency, failed to file a petition, and the juvenile thereafter refused to comply with the conditions of the alternative program, the juvenile would have to be released on the ground that no petition for delinquency was timely filed. Such a result comports neither with fundamental principles of fairness nor common sense.
Persons who are charged as adults, moreover, have the option to waive numerous substantive rights in the criminal justice area even though waiver is not expressly provided by statute. See, e.g., Amazon v. State, 487 So.2d 8 (Fla.1986) (right to be present at crucial stages of trial), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1987); Kennedy v. State, 455 So.2d 351 (Fla.1984) (right to remain silent), cert. denied, 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985); Cutter v. State, 460 So.2d 538 (Fla. 2d DCA 1984) (right to testify).
Finally, “[t]he trend of modern authority is in favor of the doctrine that a party in a criminal case may waive irregularities and rights, whether constitutional or statutory, provided such waiver is not contrary to public policy.” 21A Am.Jur.2d Criminal Law § 633 (1981) (footnotes omitted). Appellant’s waiver in the case at bar is consistent with public policy as articulated in Section 39.001(2)(a), Florida Statutes (1987).[3] He was given the opportunity to participate in a program of rehabilitative restitution rather than retributive punishment. In exchange for his successful completion of this program, the state surrendered its right to file a petition for delinquency against him. He in turn waived his right to enforce the time limitation for the filing of such petition against him during his enrollment in such program — a waiver he now repudiates.
Given the reciprocal nature of the parties’ compact and the interdependence of the conditions, we conclude that the state had the right, upon the breach of one of the conditions for diversion, to institute formal delinquency proceedings against him.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.

. After appellant was placed in the program, the state revoked the agreement and filed a petition against him because appellant had failed to submit a required essay and complete his assigned community service hours.

. Appellant does cite S.R. v. State, 346 So.2d 1018 (Fla.1977), for the proposition that the time limitations of Section 39.05(7), Florida Statutes (1975) (since renumbered section 39.-05(6)), are mandatory; therefore a petition filed out of time must be dismissed. S.R., unlike the present case, did not involve a juvenile’s voluntary waiver of the speedy petition time.

. Section 39.001(2)(a) provides that the legislative intent underlying chapter 39 includes protection of society "by substituting for retributive punishment, whenever possible, methods of offender rehabilitation.”