Mr. F. Keith Dubin Attorney, Board of Trustees of the Palm Beach County Fire Fighters Employees' Insurance Fund 3900 Woodlake Boulevard, Suite 212 Lake Worth, Florida 33463-3045
Dear Mr. Dubin:
On behalf of the Board of Trustees of the Palm Beach County Fire Fighters Employees' Insurance Fund (Fund), you ask substantially the following question:
If the Palm Beach County Fire Fighters Employees' Insurance Fund operates in accordance with the Employee Retirement Income Security Act of 1974 even though it is not subject to the act, does section 627.651(4), Florida Statutes, exempt the Fund from complying with the provisions of section 627.651(1), Florida Statutes?
In sum:
The operation of the Palm Beach County Fire Fighters Employees' Insurance Fund in accordance with the provisions of the Employee Retirement Income Security Act of 1974 even though it is not subject to that act, does not exempt the Fund from complying with the provisions of section 627.651(1), Florida Statutes pursuant to section 627.651(4), Florida Statutes.
According to your letter, the Palm Beach County Fire Fighters Employees' Insurance Fund was established in 1984 in accordance with a collective bargaining agreement between Palm Beach County and the firefighters union.[1] The Fund provides health and welfare benefits for eligible employees and retirees of the county's Fire Rescue Department and their dependents. The plan is self-insured and supplemented by an excess loss indemnity policy.
You state that the plan of benefits is maintained in accordance with the rules and regulations of the Employee Retirement Income Security Act of 1974 (ERISA). However, you further state that since the plan appears to be a governmental plan, it is not subject to ERISA.[2]
Section 627.651(1), Florida Statutes, provides:
"Except as otherwise provided by law, a group health insurance policy or certificate insuring more than one individual delivered or issued for delivery in this state must be delivered or issued for delivery to one of the groups provided for in ss.627.653-627.656. A plan of self-insurance providing health coverage benefits to residents of this state must comply with s.627.419 and the applicable provisions of this part relating to the rights of individuals to specified benefits and coverages."
Subsection (4) of section 627.651, Florida Statutes, however, provides:
"This section does not apply to any plan which is established or maintained by an individual employer in accordance with the Employee Retirement Income Security Act of 1974, Pub.L. No.93-406, or to a multiple-employer welfare arrangement as defined in s. 624.437(1), except that a multiple-employer welfare arrangement shall comply with ss. 627.419, 627.657, 627.6575,627.6578, 627.6579, 627.6612, 627.66121, 627.66122, 627.6615,627.6616, and 627.662(6). This subsection does not allow an authorized insurer to issue a group health insurance policy or certificate which does not comply with this part."
In general, ERISA preempts state laws addressing subjects covered by it.[3] The federal act leaves regulation of government plans to the state.
You state that while the Fund is not regulated by ERISA, the Fund has been voluntarily established and maintained in accordance with ERISA's provisions and thus should be exempt under section627.651(4), Florida Statutes. The fact that the Fund's plan may have adopted the standards and requirements of ERISA does not make the plan an ERISA plan. As you note in your letter, the Fund's plan, as a governmental plan, is not covered by ERISA. It cannot, therefore, be "established or maintained" in accordance with ERISA since ERISA expressly provides that governmental plans are not covered by its terms. Rather the language in section 627.651(4), Florida Statutes, appears to be a recognition that ERISA plans are generally exempt from state insurance laws.[4]
To conclude otherwise would leave the Fund's plan unregulated since government plans are not regulated under ERISA and your reading of the statute would exempt the Fund's plan from state regulation. As this office stated in Attorney General Opinion 99-71, construction of a statute that would lead to unreasonable, harsh or absurd results is to be avoided.[5] Moreover, this office has been notified that the Department of Insurance has informally advised your office that the Fund is subject to the requirements of section 627.651(1), Florida Statutes.[6]
Accordingly, I am of the opinion that operation of the Palm Beach County Fire Fighters Employees' Insurance Fund in accordance with the provisions of the Employee Retirement Income Security Act of 1974 even though it is not subject to that act, does not exempt the Fund from complying with the provisions of section 627.651(1), Florida Statutes, pursuant to section 627.651(4), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Cf., s. 112.08, Fla. Stat., authorizing local governmental units to provide group insurance for its public officers, employees, and certain volunteers.
[2] See, 29 U.S.C. § 1003(b), stating:
"The provisions of this subchapter shall not apply to any employee benefit plan if —
(1) such plan is a governmental plan (as defined in section 1002(32) of this title). . . ."
And see, 29 U.S.C. § 1002(32), defining "governmental plan" to mean "a plan established or maintained for its employees . . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. . . ."
[3] See, 29 U.S.C. § 1144(a), stating:
"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."
[4] See, s. 498, Ch. 82-243, and s. 62, Ch. 82-386, Laws of Florida, and the Staff Report, 1982 Insurance Code Sunset Revision, Florida House of Representatives, HB 4-F, as amended by HB 10-G, stating that the bill amending section 627.651 exempts ERISA plans. See also, Final Staff Summary on HB 1317 (passed as Ch. 83-203, Laws of Florida), Commerce Committee, Florida House of Representative, dated July 5, 1983, stating that the legislative amendment of s. 627.651 during the 1982 sunset review of the Insurance Code was intended to recognize that the state provision "was inapplicable to an ERISA plan exempt from state insurance regulation."
[5] And see, Carawan v. State, 515 So.2d 161 (Fla. 1987);R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (court construing statute must avoid any construction that would result in unreasonable, harsh, or absurd consequences).
[6] See, s. 624.307, Fla. Stat., stating that the Department of Insurance shall enforce the provisions of the Florida Insurance Code (Chs. 624-632, 634, 635, 641, 642, 648, and 651, Fla. Stat.).And see, Gulf Coast Electric Cooperative, Inc. v. Johnson,727 So.2d 259 (Fla. 1999) (agency's interpretation of a statute it is charged with enforcing is entitled to great deference); Departmentof Health Rehabilitative Services v. A.S., 648 So.2d 128 (Fla. 1995) (administrative construction of statute by agency charged with its administration should not be disregarded or overturned by reviewing court except for most cogent reasons and unless clearly erroneous).