Dear Mr. Shepard:
On behalf of the City of Maitland, you ask substantially the following question:
Does section 380.06, Florida Statutes, require a permit holder to provide timely notice to be eligible for extension of the permit authorized under the act?
In sum:
Section 380.06, Florida Statutes, requires a permit holder to notify the agency authorizing the permit no later than December 31, 2009, to be eligible to extend the permit.
During the 2009 legislative session, it was recognized that conditions in the real estate market warranted the extension of any permit issued by the Department of Environmental Protection or a water management district, as well as local government-issued development orders or building permits. Section 14, Chapter 2009-96, Laws of Florida, amended section 380.06, Florida Statutes, to provide:
"(1) Except as provided in subsection (4), and in recognition of 2009 real estate market conditions, any permit issued by the Department of Environmental Protection or a water management district pursuant to part IV of chapter 373, Florida Statutes, that has an expiration date of September 1, 2008, through January 1, 2012, is extended and renewed for a period of 2 years following its date of expiration. This extension includes any local government-issued development order or building permit. The 2-year extension also applies to build out dates including any build out date extension previously granted under s. 380.06(19)(c), Florida Statutes. This section shall not be construed to prohibit conversion from the construction phase to the operation phase upon completion of construction.
(2) The commencement and completion dates for any required mitigation associated with a phased construction project shall be extended such that mitigation takes place in the same timeframe relative to the phase as originally permitted.
(3) The holder of a valid permit or other authorization that iseligible for the 2-year extension shall notify the authorizingagency in writing no later than December 31, 2009,identifying the specific authorization for which the holderintends to use the extension and the anticipated timeframe foracting on the authorization.
(4) The extension provided for in subsection (1) does not apply to:
(a) A permit or other authorization under any programmatic or regional general permit issued by the Army Corps of Engineers.
(b) A permit or other authorization held by an owner or operator determined to be in significant noncompliance with the conditions of the permit or authorization as established through the issuance of a warning letter or notice of violation, the initiation of formal enforcement, or other equivalent action by the authorizing agency.
(c) A permit or other authorization, if granted anextension, that would delay or prevent compliance with a court order.
(5) Permits extended under this section shall continue to be governed by rules in effect at the time the permit was issued, except when it can be demonstrated that the rules in effect at the time the permit was issued would create an immediate threat to public safety or health. This provision shall apply to any modification of the plans, terms, and conditions of the permit that lessens the environmental impact, except that any such modification shall not extend the time limit beyond 2 additional years.
(6) Nothing in this section shall impair the authority of a county or municipality to require the owner of a property, that hasnotified the county or municipality of the owner's intention toreceive the extension of time granted by this section, to maintain and secure the property in a safe and sanitary condition in compliance with applicable laws and ordinances."[1] (e.s.)
It is a fundamental principle of statutory construction that statutes are to be read in harmony whenever possible.[2]
While the language of the act authorizes the extension of permits for two years beyond the date of their expiration, it also requires the permit holder to notify the authorizing agency (in this case the municipality) of his or her intention to receive the extension of time. Reading these parts together and giving effect to each does not appear to alter the Legislature's intent to provide relief to permit holders affected by recent real estate market conditions who may require additional time to complete projects that have been permitted.[3]
Accordingly, it is my opinion that the amendments to section 380.06, Florida Statutes, by section 14, Chapter 2009-96, Laws of Florida, require a permit holder to notify the authorizing agency no later than December 31, 2009, to be eligible for extending the permit pursuant to the act.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 14, Ch. 2009-96, Laws of Fla., appears in n. 3, s. 380.06, Fla. Stat.
[2] See generally T.R. v. State, 677 So. 2d 270 (Fla. 1996) (whenever possible courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another); R.F.R. v. State,558 So. 2d 1084 (Fla. 1st DCA 1990) (laws applying to same general field are presumed to be harmonious).
[3] See Ideal Farms Drainage District v. Certain Lands,19 So. 2d 234 (Fla. 1944); Forsythe v. Longboat Key Beach ErosionControl District, 604 So. 2d 452 (Fla. 1992) (all parts of a statute must be read together in order to achieve a consistent whole); State ex rel. Ashby v. Haddock,140 So. 2d 631 (Fla. 1st DCA 1962).