434 So.2d 940 (1983)
Terry Lee DODDS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1099.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied August 10, 1983.
*941 H. Frank Rubio and Rod Bryson of Flynn, Rubio & Tarkoff, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Dodds appeals from his conviction of trafficking in cocaine and from the trial court's denial of his motion to suppress evidence. We affirm.
On February 26, 1981, at approximately 8:00 p.m., two officers of the Florida Game and Fresh Water Fish Commission witnessed a low flying single engine airplane flying directly overhead without running lights in the direction of a nearby privately owned airstrip on a property known as Appaloosa Acres, in Okeechobee County. These wildlife officers had just completed the chase and impoundment of a vehicle containing 307 pounds of marijuana at the time of their observation. They took the impounded vehicle and marijuana and proceeded to Appaloosa Acres where the officers had previously observed suspicious landings and departures of airplanes.
From a position outside Appaloosa Acres and approximately one half mile from the point where the plane had landed the officers could see the plane on the ground. However, they were unable to discern what activity, if any, was taking place in the vicinity of the plane because a large dirt mound obstructed the officers' view of the airplane. Shortly thereafter the plane departed.
Approximately six minutes later two sets of vehicles' headlights approached the main highway. One vehicle turned around prior to reaching the officers' point of observation. However, Terry Dodds' vehicle, a Toyota pick-up truck with a camper top, was stopped by the wildlife officers as it approached the access road.
One wildlife officer approached the driver's side of Dodds' vehicle while the other officer walked around the vehicle. The officers observed citizen band radios and hand-held radar detectors on the front seat. The officer walking around the vehicle observed feed sacks bearing the name of a local feed company in the truck's flat bed. However, according to the officer, these sacks were "laid out in an unusual manner." The officer also observed green canvas duffle bags underneath the feed sacks and he smelled the odor of marijuana coming from the truck.
Thereupon, the officer went back to the driver's side of the vehicle and asked Dodds for his identification. Dodds showed the officer his driver's license. The officer then informed Dodds that he was under arrest for trafficking.
Dodds was taken into custody and his vehicle was impounded. One of the wildlife *942 officers filed an affidavit and received a warrant to search the vehicle. The subsequent search of the vehicle resulted in the confiscation of 466 pounds of cocaine.
Dodds was charged by information with trafficking in cocaine. By pretrial motion he moved to suppress the cocaine seized from the green duffle bags. The court denied the motion. After a trial to a jury Dodds was found guilty and sentenced to thirty years' imprisonment with a mandatory minimum of fifteen years and a $250,000.00 fine.
Dodds presents the argument on appeal that the officers of the Game and Fresh Water Fish Commission could not effect an arrest under these circumstances. Further, he asserts that, even if the officers were acting within their authority, the stop of Dodds' vehicle was improper and his arrest was illegal because the officers lacked probable cause.
We have recently discussed the arrest powers of the officers of the Game and Fresh Water Fish Commission in our opinion in State v. Howard, 411 So.2d 372 (Fla. 4th DCA 1982). In Howard we construed Section 372.07(1), Florida Statutes (1979) as an expansion of the wildlife officers' power to make arrests for violations of the laws of this State when committed on the lands under their supervision. However, Howard dealt with a situation in which the wildlife officers were policing an area regulated by the Game and Fresh Water Fish Commission for possible game violations, especially for problems of deer hunting. However, in the present case we are reviewing the officers' arrest powers in the context of the violation of laws not relating to game, nongame birds, freshwater fish, and fur bearing animals and the rules and regulations of the Game and Fresh Water Fish Commission relating to wild animal life and freshwater aquatic life. In this instance the question is whether the officers' arrest of Dodds was a proper exercise of their arrest powers for violations of the laws of this State committed in their presence on lands outside the Commission's supervision.
This Court finds that the above circumstances as they appear from the evidence in this case show that the officers had a well founded suspicion that criminal activity was afoot. Therefore, the stop of Dodds' vehicle was proper. Clements v. State, 396 So.2d 214 (Fla. 4th DCA 1981); State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979).
As a result of the officers' further investigation and observation of radar detectors, plus the smell of marijuana, they had probable cause to arrest Dodds without a warrant because the facts and circumstances, viewed from the officers' perspective, warranted a reasonable belief that an offense was being committed in their presence. State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970); Porter v. State, 302 So.2d 481 (Fla. 3d DCA 1974). The events subsequent to Dodds' arrest cannot remove the probable cause that existed at the time of his arrest. See United States v. Trabucco, 424 F.2d 1311 (5th Cir.), cert. dismissed 399 U.S. 918, 90 S.Ct. 2224, 26 L.Ed.2d 785 (1970).
Accordingly, the arrest of Dodds by officers of the Game and Fresh Water Commission was within their "power to make arrests for violations of the laws of this state when committed in [their] presence ..." pursuant to Section 372.07(1) (1981).
Dodds also asserts that the trial court erred by denying his motion for an evidentiary hearing to determine the sufficiency of the affidavit submitted in support of the search warrant. In particular, Dodds takes issue with the inclusion of the officer's statement that he smelled the odor of cannibis coming from within the camper shell when later events demonstrated that this was an impossibility because only cocaine was confiscated in the subsequent search of the vehicle.
However, our review of the officer's affidavit does not support Dodds' contention that there was intentional misstatement of fact in this instance. While the officers' act of bringing approximately 307 pounds of previously confiscated marijuana to the scene of another potential drug arrest was unusual, we will not use the special advantage bestowed by hindsight to say that the *943 officer's sensory perceptions clearly emanated from another source.
On its face Dodds' motion for an evidentiary hearing was deficient to the extent that it failed to allege a deliberate falsehood by the wildlife officer. Mason v. State, 375 So.2d 1125 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980). Therefore, we uphold the trial court's denial of the appellant's motion for an evidentiary hearing.
We have considered Dodds' other points on appeal in depth and we deem them to be without merit.
Affirmed.
HERSEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.