549 So.2d 761 (1989)
The STATE of Florida, Appellant,
v.
Richard PARSONS, Appellee.
No. 88-3037.
District Court of Appeal of Florida, Third District.
October 3, 1989.
*762 Robert A. Butterworth, Atty. Gen. and Julie S. Thornton and Ivy Ginsberg, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Based on the following order, which ably and comprehensively discusses and resolves the question involved, the Dade County Court has certified to us, under section 34.017, Florida Statutes (1987) and Fla.R.App.P. 9.160, the question of whether Florida Marine Patrol officers have authority to enforce noncriminal traffic infractions.
This Cause came before the Court upon Defendant's Motion to Suppress. The facts are essentially undisputed. Officers of the Florida Marine Patrol stopped the Defendant as he was driving an automobile upon the streets of Florida. The sole reason for stopping the Defendant was a noncriminal traffic infraction. After the stop, the Marine Patrol officers arrested the Defendant for Driving Under the Influence of Alcohol. The Defendant asserts that the Florida Marine Patrol does not have authority to detain and cite drivers for noncriminal traffic infractions, and that since a traffic stop by a Marine Patrol officer is illegal, evidence obtained as a result of such a stop should be suppressed. The Florida Marine Patrol officers testified that they were given extensive training in making traffic stops, and that the Marine Patrol believes it has the authority to make traffic stops for noncriminal traffic infractions.
The Court finds, as a matter of statutory interpretation, that the Florida Marine Patrol does not have the authority to detain and cite drivers for noncriminal traffic offenses. Florida Statutes, Section 316.640, specifically identifies the law enforcement agencies that have the power to enforce the traffic laws of the state. The Department of Natural Resources and the Florida Marine Patrol are noticeably absent from the list. It is a long standing rule of statutory construction that where a statute specifically mentions the things on which it is to operate, it is ordinarily construed to exclude from its operation all those things not expressly mentioned. James v. Department of Corrections, 424 So.2d 826 (Fla., 1 DCA, 1982). Thus, the omission of the Florida Marine Patrol from the list of law enforcement agencies authorized to enforce traffic laws must be construed to mean that officers of that agency do not have that authority. See Ramer v. *763 State, [530 So.2d 915] 13 FLW 495 (Fla. 08/18/89).
The Florida Marine Patrol is the law enforcement branch of the Department of Natural Resources. Officers of the Marine Patrol are employees of the Department who have been designated as law enforcement officers. They have the powers and duties specified in Florida Statutes, Section 370.021(5). Subsection (5)(a) provides "[s]uch officers ... are constituted law enforcement officers of this state with full powers to investigate and arrest for any violations of the laws of this state and the rules and regulations of the department under their jurisdiction and for violations of chapter 253 and the rules and regulations promulgated thereunder." Later in the same subsection it reads "[s]uch law enforcement officers may arrest any person in the act of violating any of the provisions of this law, the rules or regulations of the department, the provisions of chapter 253 and the rules and regulations promulgated thereunder, or any of the laws of this state." This statutory language clearly gives the officers of the Marine Patrol arrest authority for criminal violations of state law.
The State argues that the general language in Florida Statutes, Section 370.021, regarding arrest authority of Marine Patrol officers, is sufficient to authorize traffic law enforcement. The Court disagrees for two reasons. First, another rule of statutory construction provides that laws specifically addressing certain topics must be given priority over general laws. Thus, the specific provisions of Florida Statutes, Section 316.640, would govern over the general provisions of Section 370.021. Second, arrest authority for violations of state law does not include the right to detain and cite for noncriminal traffic violations. Noncriminal traffic infractions, such as speeding, improper lane change, and red light or stop sign violations, are considered civil in nature and do not provide the basis for an arrest. Florida Statutes, Chapter 318. See Berkemer v. McCarty, 468 U.S. 420, [104 S.Ct. 3138, 82 L.Ed.2d 317] (1984). There must be specific statutory authority to allow police to investigate and issue citations for civil violations. See Ramer v. State, supra. General arrest authority would not cover a civil traffic infraction because no arrest is possible.
Accordingly, since the Florida Marine Patrol does not have authority to detain and cite drivers for noncriminal traffic infractions, any stop for such a violation is illegal. Evidence obtained after an illegal stop is not admissible into evidence in criminal proceedings. The Defendant's Motion to Suppress is hereby GRANTED regarding the charge of Driving Under the Influence of Alcohol and the citation issued for the noncriminal infraction is hereby DISMISSED.
The Court further finds that this issue is of great public importance because it appears from the testimony at the hearing that substantial amounts of time and money are dedicated to traffic enforcement duties by the Florida Marine Patrol. Accordingly, the Court certifies the following question to the Third District Court of Appeal: DO OFFICERS OF THE FLORIDA MARINE PATROL HAVE AUTHORITY TO DETAIN AND CITE DRIVERS IN FLORIDA FOR NONCRIMINAL TRAFFIC INFRACTIONS?
We agree with the conclusion below that Marine Patrol officers may not stop and cite drivers for noncriminal traffic infractions and therefore affirm the order below. As did the county court, we reach this conclusion by applying the general rule of construction that statutes purporting to confer governmental and particularly criminal authority are to be strictly construed, 49 Fla.Jur.2d Statutes §§ 195, 196 (1984); and the familiar doctrine of expressio unius est exclusio alterius, which is simply to the effect that a statutory reference to particular items implies the exclusion of similar matters which are not mentioned. E.g., State v. Diers, 532 So.2d 1271 (Fla. 1988) (adopting State v. Weston, 510 So.2d 1001 *764 (Fla. 3d DCA 1987)); Thayer v. State, 335 So.2d 815 (Fla. 1976). In the light of these principles, it seems clear that the studied inclusion of various kinds of law enforcement officers in section 316.640, Florida Statutes (1987),[1] which deals specifically with the precise subject matter of this case, the enforcement of the traffic laws of our state, 49 Fla.Jur.2d Statutes § 126 (1984), clearly excludes the possibility of providing such authority to Marine Patrol officers, who are just as clearly not mentioned.
The state's contrary argument, based upon section 370.021(5), Florida Statutes (1987),[2] cannot be accepted. The provision granting Marine Patrol Officers powers to investigate and arrest for any violation is quite clearly confined to laws and rules which come "under their jurisdiction." That qualification refers in turn only to the marine statutes set out in the earlier subsections of 370.021 and has no reference to traffic infractions which may occur on any street or highway in our state. Cf. Dodds v. State, 434 So.2d 940 (Fla. 4th DCA 1983); State v. Howard, 411 So.2d 372 (Fla. 4th DCA 1982), review denied, 421 So.2d 517 (Fla. 1982).
*765 We certify to the Supreme Court of Florida that this cause involves the following question which is of great public importance:
Do officers of the Florida Marine Patrol have authority to detain and cite drivers for noncriminal traffic infractions?
Affirmed, question certified.
BARKDULL, J., concurs.
JORGENSON, Judge, specially concurring.
I agree with Chief Judge Schwartz and the court below that Florida Marine Patrol officers have no authority to enforce noncriminal traffic violations upon the streets and highways of the state. The perfectly proper result that we reach may come as a surprise to the Florida Marine Patrol.[1]
I write separately only to point out that the legislature may confer jurisdiction on the Florida Marine Patrol to enforce state traffic laws simply by expressly including them in chapter 316.640, Florida Statutes (1987). Because the law enforcement resources of this state are too precious to waste on jurisdictional disputes such as this one, the legislature may wish to act promptly to cure this statutory omission.
NOTES
[1] Enforcement
The enforcement of the traffic laws of this state is vested as follows:
(1) State. 
(a) The Division of Florida Highway Patrol of the Department of Highway Safety and Motor Vehicles has authority to enforce all of the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the state wherever the public has a right to travel by motor vehicle.
(b) The Department of Transportation has authority to enforce on all the streets and highways of this state all laws applicable within its authority.
(2) Counties. 
(a) The sheriff's office of each of the several counties of this state shall enforce all of the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the county wherever the public has the right to travel by motor vehicle. In addition, the sheriff's office may be required by the county to enforce the traffic laws of this state on any private or limited access road or roads over which the county has jurisdiction pursuant to a written agreement entered into under § 316.006(3)(b).
* * * * * *
(3) Municipalities. 
(a) The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle. In addition, the police department may be required by a municipality to enforce the traffic laws of this state on any private or limited access road or roads over which the municipality has jurisdiction pursuant to a written agreement entered into under § 316.006(2)(b). However, nothing in this chapter shall affect any law, general, special, or otherwise, in effect on January 1, 1972, relating to "hot pursuit" without the boundaries of the municipality.
* * * * * *
(4) Mobile home park recreation districts.  Notwithstanding subsection (2) or subsection (3), the sheriff's office of each of the several counties of this state and the police department of each chartered municipality have authority, but are not required, to enforce the traffic laws of this state on any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under § 418.30 and the recreational facilities of which district are open to the general public.
(5) Construction of chapter 87-88, Laws of Florida.  For purposes of traffic control and enforcement, nothing in chapter 87-88, Laws of Florida, shall be construed to classify any road which has been dedicated or impliedly dedicated for public use, and which has been constructed and is open to the use of the public for vehicular traffic, as a private road or driveway.
[2] Section 370.021(5) provides in pertinent part as follows:

POWERS OF OFFICERS.  The department may designate such employees of the several divisions, as it may deem necessary in its discretion, as law enforcement officers, who shall meet the provisions of s. 943.13(1)-(10) and have the powers and duties conferred in this subsection, except that such employees shall comply with the provisions of Chapter 943. Such officers, together with the executive director, and the Director of the Division of Law Enforcement, are constituted law enforcement officers of this state with full power to investigate and arrest for any violation of the laws of this state and the rules and regulations of the department under their jurisdiction and for violations of Chapter 253 and the rules and regulations promulgated thereunder. The general laws applicable to arrests by peace officers of this state shall also be applicable to such law enforcement officers ... Such law enforcement officers may arrest any person in the act of violating ... any of the laws of this State.
[1] As recently as November, 1988, the General Counsel for the Department of Natural Resources opined that

"... as law enforcement officers under the provisions of Section 370.021(5), Florida Statutes, Marine Patrol officers have the authority to issue traffic citations for violations of Chapter 316, Florida Statutes, which occur in the presence of the officer issuing the citation."
Authority of Marine Patrol Officers to Issue Traffic Citations, Op. Gen. Counsel at 2 (Dept. Natural Resources Nov. 29, 1988).