POLEN, Judge.
The Broward County Court has certified to us in accordance with Florida Rule of Appellate Procedure 9.160, the question of whether Florida Marine Patrol officers have authority to issue citations for noncriminal traffic infractions outside their geographical jurisdictions.
Appellee was stopped by a Florida Marine Patrol officer for a civil traffic infraction, speeding, a violation of section 316.- *726 183(4), Florida Statutes (1987). The site of the violation was not one with which the Florida Marine Patrol had any specific interest under its conservation powers. The trial judge, concluding there was no power vested in the Florida Marine Patrol to issue citations for a violation occurring on public highways, granted appellee’s motion to dismiss the traffic citation. We affirm.
We agree with the reasoning contained in the trial court’s order and that expressed by our sister court in State v. Parsons, 549 So.2d 761 (Fla. 3d DCA 1989), rev. pending, (Fla. Case No. 74,874). We reach this conclusion by applying general rules of statutory construction. There must be specific statutory authority to allow the officers to investigate and issue citations for civil violations. Section 316.640, Florida Statutes (1987), which creates the process for enforcing the traffic laws of this state, fails to include Marine Patrol officers as among those specifically vested with authority to enforce traffic violations. Nor do the Marine Patrol officers’ general arrest powers cover a civil traffic infraction as no arrest is possible. It is up to the legislature to confer jurisdiction on the Florida Marine Patrol to enforce state traffic laws by expressly including them in section 316.640.
We affirm the trial court’s order dismissing appellee’s citation for speeding, and because this case involves a question which is of great public importance we certify the following question:
DO OFFICERS OF THE FLORIDA MARINE PATROL HAVE AUTHORITY TO DETAIN AND CITE DRIVERS FOR NONCRIMINAL TRAFFIC INFRACTIONS?
AFFIRMED, QUESTION CERTIFIED.
HERSEY, C.J., and GUNTHER, J., concur.