569 So.2d 437 (1990)
STATE of Florida, Petitioner,
v.
Richard PARSONS, Respondent.
No. 74874.
Supreme Court of Florida.
October 25, 1990.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, Miami, for respondent.
KOGAN, Justice.
We have for review State v. Parsons, 549 So.2d 761 (Fla. 3d DCA 1989), which certified the following question of great public importance:
Do officers of the Florida Marine Patrol have authority to detain and cite drivers in Florida for noncriminal traffic infractions?
Id. at 763. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Richard Parsons was stopped for a traffic infraction by officers of the Florida Marine Patrol. As a result of this arrest, the officers obtained evidence that Parsons was driving under the influence of alcohol. They arrested and charged him. Parsons later defended by asserting that the officers lacked authority to stop him under Florida law. Both the trial and district courts agreed and ordered the charges dismissed. Parsons, 549 So.2d at 763.
In reaching this conclusion, the Third District and trial court relied upon two rules of construction. First, the district court found that section 316.640, Florida Statutes (1987), contained a detailed list of those law enforcement officers empowered to detain persons for violating the traffic laws. Since this list does not include Marine Patrol officers, the district court applied the doctrine of expressio unius est exclusio alterius[1] and concluded that Marine *438 Patrol officers were not intended to be included. Parsons, 549 So.2d at 763-64.
Finally, the district court rejected the state's argument that section 370.021(5), Florida Statutes (1987), required a contrary result. In pertinent part, that statute vested Marine Patrol officers with authority "to investigate and arrest for any violation of the laws of this state and the rules and regulations of the department [of Natural Resources] under their jurisdiction." § 370.021(5), Fla. Stat.
Reasoning that traffic offenses were not "under [Marine Patrol] jurisdiction," the district court affirmed the trial court on another matter. In its order, the trial court had found that section 370.021 was a general statute and that section 316.640 was a specific statute. Applying the rule that specific statutes are regarded as exceptions to inconsistent general statutes, the trial court had concluded that the Marine Patrol officers had no authority to detain Parsons.
The resolution of this case requires an examination of the origins of both section 316.640 and section 370.021. The first of these statutes was created in 1971 as part of a broad, omnibus revision of state traffic laws. At that time, section 316.640 was numbered as section 316.016; but the operative language at issue in the present case, while greatly refined in the intervening years, was essentially the same as it is today. See ch. 71-135, § 1, at 431, 445-46, Laws of Fla. It provided a list that did not mention Marine Patrol officers.
Section 370.021(5) was amended by the legislature some four years later. Ch. 75-180, § 1, Laws of Fla. However, this was not a general, omnibus enactment. Rather, it dealt exclusively with the subject of Marine Patrol officers' authority to enforce laws. Id. Moreover, the bill title stated that the enactment "provid[ed] that the Department of Natural Resources may designate employees of its divisions as law enforcement officers with power to investigate and arrest for any violation of the laws of this state." Id. at 345 (title) (emphasis added). There were no other words of limitation.
In light of this history, we cannot agree with the trial court's conclusion that the second of these statutes was a "general" statute. If anything, the reverse is true. Section 316.640 is the general grant of authority to make arrests. Section 370.021 is a specific grant of authority to the Marine Patrol. Moreover, our law has long held that, when two statutes  whether general or specific  are hopelessly inconsistent, the more recent prevails. Sharer v. Hotel Corp. of America, 144 So.2d 813, 816-17 (Fla. 1962). If only for these reasons, the rationale used by the district and trial courts is highly questionable. A statute enacted in 1975 must prevail over an inconsistent statute enacted in 1971.
More to the point, however, both of the lower courts overlooked the first step in the analysis: There first must be a hopeless inconsistency between the two statutes before rules of construction are applied to defeat the express language of one of those statutes. See State v. Brown, 530 So.2d 51 (Fla. 1988); Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981); Adams v. Culver, 111 So.2d 665 (Fla. 1959). We see no such inconsistency here. Both of these statutes can be enforced without doing any violence to the language of the other.
Indeed, the courts below made an erroneous, tacit assumption. They apparently believed the legislature must confine itself to a single statutory section in naming those officers that can enforce the laws of Florida. This is not so. If the legislature chooses, it can name those officers in scattered locations throughout the Florida Statutes. While a single list might be preferable, it is not required.
The list provided in section 316.640 does not on its face purport to be exclusive. No words of limitation are used. In the absence of other statutory enactments on the same subject, we have no doubt that *439 the courts below correctly could have applied the doctrine of expressio unius. However, such is not the case before us. On its face, section 370.021(5) directly and unmistakably authorizes the Marine Patrol to enforce all the laws of the state if so authorized by the Department of Natural Resources. Such broad language obviously encompasses authority to enforce traffic laws.
We also disagree with the district court's conclusion that section 370.021(5) limits Marine Patrol enforcement powers solely to those matters "under their jurisdiction." These limiting words are attached, not to the grant of authority to arrest under the laws of this state, but to the separate grant of authority to arrest under the rules and regulations of the department. See § 370.021(5), Fla. Stat. The two are distinct in light of both their grammatical arrangement and legislative history.
Indeed, the district court's interpretation is directly contrary to the clear statement of legislative purpose contained in the title of chapter 75-180, which enacted section 370.021(5). See ch. 75-180, at 345 (title), Laws of Fla. That purpose was to grant authority to make arrests "for any violation of the laws of this state." Id. This statement, which is the best evidence of legislative intent available, contains no other qualification.
For the foregoing reasons, the certified question is answered in the affirmative and the decision below is quashed. We remand for further proceedings consistent with the views expressed here.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, J., dissenting.
I believe the majority errs when it characterizes section 316.640, Florida Statutes (1987), as a general statute and section 370.021, Florida Statutes (1987), as a specific statute. For this and all the other reasons expressed by Judge Schwartz in the opinion of the Third District, I respectfully dissent.
NOTES
[1] Literally, the mention of one thing is the exclusion of another. In other words, the enumeration of specific items excludes others not so listed. Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234 (1944).