574 So.2d 120 (1991)
FLORIDA POLICE BENEVOLENT ASSOCIATION, INC., Petitioner,
v.
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Respondent.
No. 75621.
Supreme Court of Florida.
January 17, 1991.
Gene "Hal" Johnson, Tallahassee, for petitioner.
Mallory E. Horne, Gen. Counsel, Tallahassee, for respondent.
KOGAN, Justice.
We have for review Florida Police Benevolent Association, Inc. v. Florida Department of Agriculture & Consumer Services, 557 So.2d 146 (Fla. 1st DCA 1990), which certified the following question of great public importance:
DOES THE WARRANTLESS FELONY ARREST AUTHORITY CONFERRED UPON LAW ENFORCEMENT OFFICERS, BY SECTION 901.15(11), FLORIDA STATUTES (SUPP. 1988), APPLY TO THE ROAD GUARD INSPECTION SPECIAL OFFICERS EMPLOYED BY *121 THE DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES?
Id. at 150-51. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1975, the legislature created the job classification of "road guard inspection special officer" within the Florida Department of Agriculture and Consumer Services (the "Department"). See ch. 75-215, § 2, Laws of Fla. Originally, such officers were granted
power and authority to make arrests, with or without warrants as provided in s. 570.15, for violations of law committed within the jurisdiction of s. 570.15 .. . and ... the right and authority to carry arms while on duty, provided such officers shall meet the requirements of the Police Standards and Training Commission... .
§ 570.151(2), Fla. Stat. (1975).
In 1988, the legislature approved amendments that seemed to expand the laws road guard inspection special officers are authorized to enforce. See ch. 88-341, § 3, Laws of Fla. The amendments, codified at section 570.151(2), Florida Statutes (Supp. 1988), provide in pertinent part:
All such special officers shall have power and authority to make arrests, with or without warrants as provided in s. 570.15 and all other laws relating to livestock, citrus and citrus products, tomatoes, limes, avocados, plants, and other horticultural products and any section with respect to which any authority is conferred by law on the department.. ..
(Emphasis added). The emphasized phrase forms the basis of the present dispute.
The dispute arose because in 1988 the legislature also amended section 901.15, Florida Statutes, which defines situations when a "law enforcement officer" may arrest a person without a warrant. See ch. 88-373, § 4, ch. 88-381, § 53, Laws of Fla. The amendments were codified at section 901.15(11), Florida Statutes (Supp. 1988). This new subsection provides that a law enforcement officer may arrest a person without a warrant when:
He is employed by the State of Florida as a law enforcement officer as defined in s. 943.10(1), or part-time law enforcement officer as defined in s. 943.10(6), and:
(a) He reasonably believes that a felony involving violence has been or is being committed and that the person to be arrested has committed or is committing the felony;
(b) While engaged in the exercise of his state law enforcement duties, he reasonably believes that a felony has been or is being committed; or
(c) A felony warrant for the arrest has been issued and is being held for execution by another peace officer.
We agree, and neither party disputes, that road guard inspection special officers are "law enforcement officers" as defined in the statute. See § 943.10(1), (6), Fla. Stat. (1987).
After enactment of chapters 88-373 and 88-381, which jointly created section 901.15(11), the Florida Police Benevolent Association (PBA) petitioned the Department. The petition asked for a declaratory statement to determine whether road guard inspection special officers possess the warrantless felony arrest authority provided in section 901.15(11).
The Department's declaratory statement concluded they do not. On appeal, the First District affirmed. Florida Police Benevolent Ass'n., 557 So.2d 146.
The doctrine of ejusdem generis[1] requires that general terms in a statute be construed in a manner consistent with more precise terms associated with them. Dunham v. State, 140 Fla. 754, 192 So. 324 (1939). There is, however, a well-established exception to this rule. Where a statutory list is exhaustive of members of the class in question, then general terminology following that list should not be considered limited solely to members of the same *122 class. Schleman v. Guaranty Title Co., 153 Fla. 379, 15 So.2d 754 (1943). This is a result required by the common-sense rule that all words in a statute should be construed so as to give them some effect, not so as to render them meaningless surplusage. In other words, the courts should not presume that the legislature enacted statutory language with the intent that it have no meaning, unless this is the only possible construction.[2]Snively Groves, Inc. v. Mayo, 135 Fla. 300, 184 So. 839 (1938).
The statute at hand empowers road guard inspection special officers to make arrests as provided in: (1) section 570.15; (2) "all other laws relating to livestock, citrus and citrus products, tomatoes, limes, avocados, plants, and other horticultural products"; and (3) "any section with respect to which any authority is conferred by law on the department." § 570.151(2), Fla. Stat. (Supp. 1988) (emphasis added). The question we must decide, then, is the scope of the topics embraced by the specific listing and their relation to the general terminology that concludes the list.
From this parsing of the statute, it is readily apparent that the legislature regarded section 570.15 as a statute "relating to livestock, citrus and citrus products, tomatoes, limes, avocados, plants, and other horticultural products." The reference to "other" similar statutes compels this reading. Moreover, section 570.15 itself supports no other possible conclusion, since the detention powers it grants deal with the authority to detain persons for failing to submit to inspections for agricultural, horticultural, and livestock products. § 570.15, Fla. Stat. (1987).
It also is apparent that this specific listing is intended to be exhaustive. It is a reference statute that embraces both section 570.15 and "all other laws" dealing with agricultural materials in general, including horticultural products and livestock.
Thus, we believe the rules of construction outlined above require that the doctrine of ejusdem generis not be applied in this instance. To do so would render meaningless that portion of section 570.151(2) conferring authority to make arrests under "any section with respect to which any authority is conferred by law on the department." The construction urged by the Department embraces only those topics already listed, which thus renders the final clause meaningless.
We believe the only fair reading of this statute is to view the quoted clause as incorporating by reference section 901.15(11), Florida Statutes (Supp. 1988). This is the only reading that vests the final clause with a meaning, and it is plainly consistent with the statutory language. Road guard inspection special officers clearly are "law enforcement officers," as both parties concede. Section 570.151(2) embraces any statute conferring arrest-making authority on such officers. Therefore, road guard inspection special officers have all the authority to make arrests that is conferred by section 901.15(11). As a result, the final clause of section 570.151(2) is construed so as to have an effect.
This reading finds some support in the general history of legislation that emerged from the 1988 legislature, when section 570.151(2) was expanded to its present form. A Senate bill closely related to those that ultimately became law was intended to grant "agricultural road guard inspectors" the authority contained in section 901.15(11). The accompanying staff analysis expressly said so. Staff of Fla.S.Comm. on Judiciary-Crim., SB 794 (1988), Staff Analysis (Apr. 15, 1988) (on file with committee). We acknowledge that Senate Bill 794 was never signed into law. However, its wording is so closely related to the two bills that became law as to suggest that a common legislative intent underlay all three. Compare id. with Fla.HB 1653 (1988) (codified at ch. 88-381, § 53, Laws of *123 Fla.) and Fla.HB 1397 (1988) (codified at ch. 88-373, § 4, Laws of Fla.).
In reaching our conclusion, we also are persuaded by the practical problems that would be avoided by petitioner's construction of these statutes as well as the present-day policies of the Department. At oral argument, respondent conceded that road guard inspection special officers sometimes stop persons for suspected violation of agricultural laws and subsequently discover that these persons are carrying illegal drugs, not agricultural products. In such cases, these persons have violated no agricultural laws at all, only the drug laws.
Under the construction urged by respondent, the road guard inspection special officers could not detain these persons after making the agricultural inspection. Since no breach of the agricultural laws has been found, the road guard inspection special officers would be forced to release these persons and their contraband back onto the roads and byways of Florida. Yet, respondent's counsel himself conceded that the Department's present policy is to detain such persons  i.e., arrest them  until other law enforcement officers can be summoned to the scene.
The Department cannot have it both ways. Either the law authorizes them to make such arrests, or it does not. We believe that it clearly does.
We do not imply by our opinion today that road guard inspection special officers must assume the precise role and duties imposed upon other less specialized law enforcement officers, such as police or sheriff's deputies. Rather, we believe the legislature merely contemplated that some situations  such as the discovery of illicit drugs  may arise in which road guard inspection special officers will be the only law enforcement officers at the scene of a crime. They thus may serve as a stopgap until other law enforcement officers arrive. Clearly, the primary duties of road guard inspection special officers are enforcement of the state's agricultural laws; but the legislature has expanded this authorization to allow for the enforcement of other laws if no other law enforcement officers are available.
Finally, we are mindful of our recent holding in State v. Parsons, 569 So.2d 437 (Fla. 1990). There, we stated in dictum that specific statutes are regarded as exceptions to inconsistent general statutes. It is possible, at first blush, to regard section 570.151(2) as a specific statute that somehow creates an exception to the more general statutory language employed in section 901.15(11). The Department urges us to conclude that section 570.151(2) does in fact create such an exception by "limiting" the authority of road guard inspection special officers.
However, the actual holding of Parsons was that this rule of construction is never applied unless there is hopeless inconsistency between the general and the specific statutes. After finding the doctrine of ejusdem generis inapplicable here, we then necessarily conclude that no such hopeless inconsistency exists in the present case. In order to give all the language of section 570.151(2) effect, we must regard that statute as embracing the general grant of authority contained in section 901.15(11). Thus, the two statutes are harmonized in a way that gives effect to all the language of both. No inconsistency exists, and we thus do not resort to the rule regarding the relation of general and specific statutes.
For the foregoing reasons, we answer the certified question in the affirmative and quash the opinion of the district court below. We remand for further proceedings consistent with the views expressed here.
It is so ordered.
SHAW, C.J., OVERTON and GRIMES, JJ., and EHRLICH, Senior Justice, concur.
McDONALD and BARKETT, JJ., dissent.
NOTES
[1] Literally, the term "ejusdem generis" means "[o]f the same kind, class, or nature." Black's Law Dictionary 464 (5th ed. 1979).
[2] This rule has sometimes been characterized by the Latin phrase "ut res magis valeat quam pereat," or literally, "[t]hat the thing may rather have effect than be destroyed." Black's Law Dictionary 1386 (5th ed. 1979). See Florida Sugar Distrib., Inc. v. Wood, 135 Fla. 126, 184 So. 641 (1938).