PER CURIAM.
The trial judge granted a motion to suppress because of an improper stop. We reverse.
Defendant was charged by information with trafficking in cocaine. At the hearing on the motion to suppress, an officer with the Florida Marine Patrol testified that he was eastbound on 1-595 when he saw a Chevrolet vehicle in front of him traveling with two flat tires. As he observed that vehicle, a BMW automobile came close to it and the Chevrolet swerved, *304 running the BMW off the road. At that time, the marine patrol officer turned on his blue lights because “it was a danger for him to operate the vehicle like that. And I got him safely over to the side of the road ... I was just stopping him for the safety of the vehicle and other cars in the area.” When the prosecutor asked the officer, “After you got him stopped, what happened?” defense counsel objected, saying the question was “beyond the scope of what we are here to discuss. The discussion is the stop, not what happened after the stop.” The judge sustained the objection. The officer went on to testify that he did not have any prior knowledge of any criminal activity concerning that particular car before seeing it on the highway. He did not cite the driver of the car for a traffic violation. Defendant was a passenger in the Chevrolet, and a registration check on the car indicated that the car did not belong to either person occupying it.
The order on the motion determined that the officer had no “reasonable basis” to stop the Chevrolet, that the defendant had standing to raise the motion “because the satchel searched was found and searched outside the vehicle,” and that the initial stop was improper since the marine patrol officer was acting outside the jurisdiction of that department in a civil traffic matter which formed the basis for the initial stop.
At the time of the hearing the case of State v. Stember, 565 So.2d 725 (Fla. 4th DCA 1990), holding that the Florida Marine Patrol does not have authority to detain and cite drivers for noncriminal traffic infractions, was the law. Shortly after the trial court ruled, the supreme court decided State v. Parsons, 569 So.2d 437 (Fla.1990), which held that the Florida Marine Patrol did have such authority. [See also State v. Stember, 568 So.2d 1274 (Fla.1990), which quashed this court’s Stember opinion, relying on Parsons.]
The defendant concedes that these cases control. Also, the state correctly points out that no evidence on standing was taken at the hearing because of defendant’s objection to the officer testifying about anything occurring after he had made the stop. We therefore find the trial court’s pronouncement on standing unsupported by the evidence. We further hold that the evidence showed that the officer had a reasonable basis for the stop.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.