Ms. Linda S. Calvert Hanson General Counsel Flagler Estates Road and Water Control District 3501-B North Ponce de Leon Boulevard, Suite 342 St. Augustine, Florida 32095
Dear Ms. Hanson:
You ask substantially the following questions:
1. May the Flagler Estates Road and Water Control District install and maintain enforceable traffic regulatory signs in the district?
2. Does the district have exclusive jurisdiction over the roads and drainage system within the district?
In sum:
1. The Flagler Estates Road and Water Control District has no statutory authority to install enforceable traffic regulatory signs within the district's boundaries.
2. The district's enabling act does not grant it exclusive jurisdiction over the roads and drainage system within the district's boundaries.
Question One
The Flagler Estates Road and Water Control District is an independent special district created pursuant to Chapter 298, Florida Statutes. In addition to maintaining drainage improvements, the district is authorized to "maintain roadways and roads necessary and convenient for the exercise of the powers or duties or any of the powers or duties of said district" and to "maintain streets, roadways, and roads necessary and convenient to provide access to and efficient development of areas made suitable and available for cultivation, settlement, urban and suburban, and other beneficial use and development as a result of the drainage, irrigation and reclamation operations of the district."[1] You state that the road system in the district is public, but only a small area of the system has been formally accepted by St. Johns County. During the 1998 legislative session, the district's authority over roads was clarified "to include, but not be limited to, street lighting, road striping, reconstruction, and any other safety features or improvements customary to a modern road system."[2] In light of this provision, you question whether the district now may install enforceable traffic control signs.
Previously, this office has concluded that the state, counties and municipalities have exclusive jurisdiction of traffic control over roads upon which the public has a right to travel.[3] Counties are specifically granted original jurisdiction over all streets and highways, except state roads and municipal streets, located within their boundaries.[4] Section 316.006(3)(b), Florida Statutes, authorizes the county to exercise jurisdiction over any private road or roads, or over any limited access roads owned or controlled by a special district, located in the unincorporated area within its boundaries if the county and the parties owning or controlling such roads provide, by written agreement approved by the county's governing body, for county traffic control jurisdiction over the roads.
In Attorney General Opinion 81-18, this office was asked to determine whether a county could post enforceable traffic control devices on public roads constructed by a water control district, even though the county had not accepted the roads as part of the county road system. Given the county's original authority to control traffic over all streets and highways within its boundaries, except state roads and municipal streets, it was concluded the county could post traffic control devices wherever the public has a right to travel by motor vehicle, regardless of the county's acceptance of the roads as part of its road system. This office found no authority for the water control district to exercise traffic control over the roads it had created or maintained.
The changes to the district's enabling legislation do not extend to allowing the installation and operation of traffic control devices. The term "safety features and improvements customary to a modern road system" must be read in relation to the other language specifying the district's authority.[5] Thus, street lighting, road striping, and reconstruction do not appear to relate to traffic control authority such as speed limits.[6]
Accordingly, it is my opinion that the Flagler Estates Road and Water Control District may not install and maintain enforceable traffic control devices on the roads within the district.
Question Two
A review of the district's enabling legislation does not indicate exclusive jurisdiction over the roads and drainage facilities within the district's boundaries. Further, nothing in Chapter 298, Florida Statutes, has been cited to support a water control district's exclusive jurisdiction over drainage systems. While this office may not comment upon the county's authority to construct bridges or roads, absent a request for such an interpretation from the county, I would note that a county's authority over roads and drainage are established in Chapter 125, Florida Statutes.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Ch. 81-481, Laws of Fla.
[2] Section 1, Ch. 98-529, Laws of Fla.
[3] See, Ops. Att'y Gen. Fla. 81-18 (1981); 86-59 (1986); and 97-03 (1997). See, also, s. 316.006, Fla. Stat., vesting jurisdiction to control traffic in the state, counties, and charter municipalities.
[4] Section 316.006(3), Fla. Stat.
[5] See, Florida Police Benevolent Association, Inc. v.Department of Agriculture and Consumer Services, 574 So.2d 120
(Fla. 1991) (doctrine of "ejusdem generis" requires that general terms in statute be construed in manner consistent with more precise terms associated with them).
[6] Compare, s. 316.189, Fla. Stat., prescribing speed zones for municipal and county roads; specifically allowing the board of county commissioners to set speed zones altering such speeds when an investigation determines such change is reasonable and in conformity to criteria promulgated by the Department of Transportation.
[7] See, s. 125.01(1)(m), Fla. Stat., stating, to the extent not inconsistent with a general or special law, a county may "[p]rovide and regulate arterial, toll, and other roads, bridges, tunnels, and related facilities[.]" See also, s. 125.01(1)(q), Fla. Stat., authorizing a county's authority to establish municipal service taxing or benefit units for any part or all of the unincorporated area of the county to provide, among other enumerated services, drainage.