Mr. C. Graham Carothers Leon County School Board Attorney Post Office Box 391 Tallahassee, Florida 32302
Dear Mr. Carothers:
On behalf of the Leon County School Board, you ask substantially the following question:
Does section 232.465, Florida Statutes, which authorizes school district nonmedical assistive personnel trained by a registered or licensed practical nurse to administer emergency injectable medications, conflict with section 381.88, Florida Statutes, which authorizes individuals who have successfully completed a training course conducted by a physician to possess and administer epinephrine in emergency situations to a person suffering an adverse reaction to an insect sting?
In sum:
Sections 232.465 and 381.88, Florida Statutes, should be read together and harmonized. As the more recent enactment, section 232.465 will prevail to the extent of any conflict. Thus, while section 381.88 generally requires an individual to be trained by a physician in order to obtain and administer ephinephrine to a person suffering a severe adverse reaction to an insect sting, section 232.465 authorizes nonmedical assistive school district personnel trained by a registered or licensed practical nurse to administer emergency injectable medications, including medications for insect stings.
Section 381.88, Florida Statutes, formerly section 402.60, Florida Statutes 1995,[1] is the Insect Sting Emergency Treatment Act.[2]
The purpose of the act is to provide for the certification of persons who may administer lifesaving treatment to individuals who suffer adverse reactions to insect stings when a physician is not immediately available.[3] An individual who successfully completes the educational training course and obtains a certificate of training may receive from any physician licensed in this state or from the Department of Health a prescription for premeasured doses of epinephrine and the necessary paraphernalia for administering the drug.[4] Such an individual may possess and administer the prescribed epinephrine to a person suffering a severe adverse reaction to an insect bite in an emergency situation when a physician is not immediately available.[5]
Section 381.88(4), Florida Statutes, provides that the educational training programs required by the statute must be conducted by a physician licensed to practice medicine in this state. In 1996, however, section 232.465, Florida Statutes, was enacted relating to the provision of medical services by nonmedical school district personnel. District school boards are required to establish emergency procedures in accordance with section 381.0056(5), Florida Statutes, for life-threatening emergencies.[6]
While nonmedical assistive personnel are prohibited from performing certain invasive medical procedures,[7] subsection (2) of section 232.465, Florida Statutes, permits nonmedical assistive personnel to perform health-related services upon successful completion of child-specific training by "a registered nurse, a licensed practical nurse, a physician licensed pursuant to chapter 458 or chapter 459, or a physician assistant licensed pursuant to chapter 458 or chapter 459." Such procedures include "[a]dministering emergency injectable medication."[8]
It is a fundamental principle of statutory construction that statutes are to be read in harmony whenever possible.[9] In the event of a conflict, however, the statute enacted later generally will prevail as the last expression of legislative intent.[10]
In the instant inquiry, section 381.88, Florida Statutes, applies to any member of the public who as a result of their occupational or volunteer status may be, or expects to be, responsible for another person who is allergic to insect stings. In contrast, section 232.465, Florida Statutes, is limited to nonmedical assistive school district personnel, authorizing such personnel who have successfully completed child-specific training to administer emergency injectable medication. Moreover, section 232.465, as the statute enacted later in time, would appear to prevail over any conflicting provisions of section 381.88.[11]
Accordingly, I am of the view that sections 232.465 and 381.88, Florida Statutes, should be read together in harmony, and section 232.465, as the more recent enactment, will prevail over any conflict. Thus, while section 381.88 generally requires an individual to be trained by a physician in order to obtain and administer ephinephrine to a person suffering a severe adverse reaction to an insect sting, section 232.465 permits nonmedical assistive school district personnel, trained by a registered or licensed practical nurse, to administer emergency injectable medications, including medications for insect stings.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 52, Ch. 97-237, Laws of Florida.
[2] Section 381.88(1), Fla. Stat.
[3] Section 381.88(2), Fla. Stat.
[4] See, s. 381.88(5), Fla. Stat., stating that a certificate of training may be given to any person 18 years of age or older, who has successfully completed the training program and who has, or reasonably expects to have, responsibility for at least one person who has severe adverse reactions to insect stings as a result of his or her occupational or volunteer status.
[5] Section 381.88(7), Fla. Stat.
[6] Section 232.465(4), Fla. Stat.
[7] See, s. 232.465(1), Fla. Stat., stating that nonmedical school district personnel shall not be allowed to perform invasive medical services that require special medical knowledge, nursing judgment, and nursing assessment such as sterile catheterization, nasogastric tube feeding, cleaning and maintaining a tracheostomy and deep suctioning of a tracheostomy.
[8] See, s. 232.465(2), Fla. Stat., which provides:
"Nonmedical assistive personnel shall be allowed to perform health-related services upon successful completion of child-specific training by a registered nurse, a licensed practical nurse, a physician licensed pursuant to chapter 458 or chapter 459, or a physician assistant licensed pursuant to chapter 458 or chapter 459. All procedures shall be monitored periodically by the nurse. Those procedures include, but are not limited to:
(a) Cleaning intermittent catheterization.
(b) Gastrostomy tube feeding.
(c) Monitoring blood glucose.
(d) Administering emergency injectable medication."
And see, s. 232.46, Fla. Stat., which requires each district school board to adopt policies and procedures governing the administration of prescription medication by school district personnel and to "include in its approved school health services plan a procedure to provide training, by a registered nurse, a licensed practical nurse, a physician licensed pursuant to chapter 458 or chapter 459, or a physician assistant licensed pursuant to chapter 458 or chapter 459, to the school personnel designated by the principal to assist students in the administration of prescribed medication."
[9] See generally, T.R. v. State, 677 So.2d 270 (Fla. 1996) (whenever possible courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another); R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (laws applying to same general field are presumed to be harmonious).
[10] See, e.g., McKendry v. State, 641 So.2d 45 (Fla. 1994);State v. Parsons, 569 So.2d 437 (Fla. 1990) (where two statutes are hopelessly inconsistent, the more recent prevails).
[11] Nothing, however, prevents a school district from having its nonmedical assistive personnel obtaining a certificate pursuant to s. 381.88, Fla. Stat.